## STEPHEN HILTON *versus* ITHAMAR LONGLEY.

Exceptions from the District Court cannot be sustained, if no recognizance was entered into, in that Court.

This rule is not varied by an agreement that *sureties be waived*.

THIS case purported to be on exceptions from the District Court. It appears that exceptions were filed by the plaintiff and allowed in that Court, at its October term, 1848, the defendant agreeing to waive special sureties, and no recognizance was entered into. The plaintiff at the same term, presented a motion for a new trial, and the action stood continued upon that motion, which was overruled at its May term, 1849. The case was entered here at the then next term of this Court.

*Abbott*, for defendant, moved that the case be dismissed, contending that the Court had no jurisdiction; and that by continuing the action in the District Court, after the exceptions were allowed, there was a waiver of the exceptions.

*D. D. Stewart*, for plaintiff.

The waiver of special sureties was a waiver of recognizance. 4 Greenl. 62. A recognizance could have been but useless. Being against the plaintiff alone, it could give no higher security to the defendant. Further, the doings in the District Court, after allowing the exceptions, were merely void.

PER CURIAM.—A waiver of sureties does not dispense with a recognizance. There being no recognizance, the appeal cannot be sustained.    *Dismissed.*